E-FILED
Tuesday, 14 April, 2026  02:42:57 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

EDWARD WILLIAMS,                                   )
                                                  )
            Plaintiff,                            )
                                                  )
v.                                                )    Case No. 4:25-cv-04197-SLD-RLH
                                                  )
COUNTY OF HENDERSON, ILLINOIS,                    )
LISA D. COIL, TAMMY LUEHRS, and                   )
DOES 1–10,                                        )
                                                  )
            Defendants.                           )

ORDER

Before the Court is Defendant County of Henderson, Illinois's ("the County") Motion to

Quash Service of Process, ECF No. 4.  For the reasons that follow, the motion is GRANTED.

Plaintiff Edward Williams filed a complaint against the County, Lisa D. Coil, Tammy

Luehrs, and Does 1 through 10 in November 2025.  *See* Compl. 1, ECF No. 1.  On February 3,

2026, Magistrate Judge Ronald L. Hanna noted that the deadline for service under Federal Rule

of Civil Procedure 4(m) had expired on February 1, 2026 and *sua sponte* extended Plaintiff's

deadline to March 3, 2026.  Feb. 3, 2026 Text Order.  On February 10, 2026, the Clerk of Court

issued summonses for Luehrs, Coil, and the County.  *See* Summonses, ECF No. 2.  Plaintiff

submitted proof of service indicating that a process server served the County by leaving a copy

of the summons with Angie Peterson.  Proof of Service, ECF No. 3.

The County moves to dismiss the complaint against it without prejudice because it was

not served with a complaint that named it as a party and, therefore, it was not properly served

under Rule 4.  *See generally* Mot. Quash.  It attached to its motion the summons and complaint it

received.  *See* Summons & Compl., Mot. Quash Ex. A, ECF No. 4 at 2–8.  The complaint it

received is not the complaint that was filed in this case—it appears to be for a case filed in the

1

Ninth Judicial Circuit for Henderson County that names only Judge Cavanaugh as a defendant. Plaintiff did not respond to the County's motion.

Rule 4(c)(1) requires a summons to be served "with a copy of the complaint."  This means the operative complaint pending in the case at hand.  *See Poston v. McDuffie Cnty.*, No CV 125-197, 2026 WL 789668, at *2 (S.D. Ga. Mar. 20, 2026) ("The complaint [served with the summons] must be a pleading filed with and accepted by the Court . . . .").  Because Plaintiff did not serve a copy of the complaint from this case on the County along with the summons, he did not properly serve the County.

Plaintiff has already been given an extension of time to serve Defendants.  *See* Feb. 3, 2026 Text Order.  He has not provided any proof that he served Luehrs or Coil by his extended deadline of March 3, 2026, and he did not properly serve the County.  Plaintiff has not asked for an extension of time to accomplish service or shown good cause for his failure to timely and properly serve Defendants.  The County's motion is GRANTED.  The Court DISMISSES the action against the County as well as against Luehrs and Coil without prejudice for failure to serve.  *See* Fed. R. Civ. P. 4(m).

This leaves as Defendants only Does 1 through 10.  Plaintiff's underlying claim is that he posted notices of land patent rights to 1300 Liberty Road, Gladstone, Illinois, and that Defendants converted his property and sold it without judicial process in violation of his constitutional rights.  Compl. 1–2, 4–11.  Does 1 through 10 are "unidentified agents, clerks, or attorneys who participated in or failed to prevent the illegal transfer of title."  *Id.* at 3.

This does not suffice to state a claim against any of the Doe Defendants.  "While [a p]laintiff may use 'John Doe' or 'Jane Doe' to refer to parties whose names are unknown, he must still follow Federal Rule of Civil Procedure 8 pleading standards and include a short, plain

statement of the case against that individual." *Britton v. Loera*, No. 24-cv-02360-SPM, 2025 WL 507446, at *3 (S.D. Ill. Feb. 14, 2025).  Plaintiff does not identify any specific acts or omissions by any specific individual as would be needed to state a claim for relief under 42 U.S.C. § 1983 for constitutional violations.  *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (noting that a plaintiff must "connect specific defendants to illegal acts" to plead personal involvement for § 1983 claims).  The Court DISMISSES the claims against Does 1 through 10 without prejudice for failure to state a claim.  *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.").  No leave to file an amended complaint against Does 1 through 10 is granted as it would not be an efficient use of judicial resources.  Plaintiff likely needs to conduct discovery to identify other actors involved in allegedly violating his constitutional rights, but as his claims against the County, Luehrs, and Coil have been dismissed for failure to serve, he has no right to discovery from those Defendants.  Plaintiff could file a new suit against the County, Luehrs, and Coil to assert his claims and conduct discovery, but it would be inefficient to leave this case pending until then when he could assert all of his claims in one suit.

Accordingly, this case is DISMISSED WITHOUT PREJUDICE.  The Clerk is directed to enter judgment and close the case.

Entered this 14th day of April, 2026.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE

3